PER CURIAM.
 

 This is an appeal of an order denying defendant Wesley Dupin’s motion for relief under Florida Rule of Criminal Procedure 3.800, claiming entitlement to additional credit for time served in county jail. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 

 On May 9, 2007, the defendant was sentenced to fifteen years in state prison, with a minimum mandatory sentence of ten years, in cases F01-31537, F01-31538, and F05-50645B. The sentences were to run concurrent but not coterminous.
 

 The defendant filed a 3.800 motion for credit for all county jail time served, requesting a total of 1278 days to be applied to all of his cases. He requested the following: (1) credit for the time that he was incarcerated in the two 2001 cases to be applied to the 2005 case; (2) credit for the time he spent on pre-trial release on electronic monitoring; and (3) credit for the time he spent on probation.
 

 The trial court denied the defendant’s motion for credit for all his county jail time served, stating that the defendant is not entitled to “stack” the time he was incarcerated to be applied as credit for time served. The trial court further stated:
 

 6. Defendant is not entitled to the relief he is requesting. On the 2005 case, he was not in custody in 2001. He is also not entitled to apply the time he spent on electronic monitoring (pre trial release) to be applied as incarcerated time. Even if the time he spent on probation was applied to his sentence it would not make a difference on the 2005 case. He was never on probation on the 2005 case.
 

 A review of the record indicates that the trial court failed to do a complete analysis. With regard to whether the defendant is entitled to additional credit for time served in the two 2001 cases, the defendant claims that his initial incarceration was from September 16, 2001, to November 30, 2001. The trial court does not address the defendant’s claim that he is owed credit for time served for this period in the two 2001 cases. Accordingly, we reverse in part and remand on this issue for a determination of whether the defendant is entitled to credit for time served during September 16, 2001, to November 30, 2001. With regard to the defendant’s remaining claims, we affirm.
 

 Affirmed in part; reversed in part, and remanded for further proceedings consistent with this opinion.